MARY A. CUMMINGS

*v.*

STATE OF ILLINOIS.

*Opinion filed December 22, 1916.*

INHERITANCE TAX—*facts held sufficient to authorize an award.* In this claim debts were proven up after the tax had been fixed and paid which debts were not reckoned in fixing the tax. *Held,* that an award should be made.

Palissard & Benjamin, for Complainant.

P. J. Lucey, Attorney General, for State.

Claimant is the widow of and executrix of the will of Robert F. Cummings, late of Iroquois County, Illinois, who died on December 31, 1914, and on April 12, 1915, an inheritance tax appraiser was appointed. On June 30, 1915, he made his report to the County Court of Iroquois County, fixing the value of the estate subject to tax at $341,084.48, from which amount exemptions of the widow amounting to $20,000.00 were deducted, and the tax fixed at $6,421.69. The report of the appraiser was approved, and claimant paid into the County Treasury $6,100.61, being the amount of the tax less 5%, and this tax was in turn paid to the State Treasurer.

There had been pending the claim of Lamson Brothers and Company against the estate in the amount of $167,280.61, and no deduction was made on account of said claim. On January 4, 1916, said claim was allowed in the amount of $73,475.79. In making his appraisal the inheritance tax appraiser allowed $10,250.00 as costs of administration. This was subsequently ascertained to be $16,587.60. By these two items the share of the widow as legatee and devisee was lessened in the amount of $79,813.39. On the other hand, credits in the amount of $4,654.98 had not been taken into consideration by the appraiser, and no tax had been levied thereon. A recapitulation of these figures demonstrated that tax has been paid on $75,158.41, which amount the widow as legatee and devisee and who is also claimant herein, has not received. The tax on this amount, less the 5% allowed for payment within six months, amounts to $1,428.02, which is the amount of this claim.

Chapter 120 section 373 of the Revised Statutes states as follows: "Whenever debts shall be proved against the estate of the decedent after distribution of legacies from which the inheritance tax has been deducted in compliance with this Act, and the legatee is required to refund any portion of the legacy, a proportion of the said tax shall be repaid to him by the executor or administrator if the said tax has not been paid into the State or county treasury, or by the County Treasurer if it has been so paid." Section 375 of the same chapter provides:

"When any amount of said tax shall have been paid erroneously to the State Treasurer, it shall be lawful for him on satisfactory proof rendered to him by said County Treasurer of said erroneous payment to refund any pay to the executor, administrator or trustee, person or persons who have paid any such tax in error the amount of such tax so paid, provided that all applications for the repayment of said tax shall be made within two years from the date of said payment."

It is apparent that claimant is entitled to a refund, and it is accordingly the judgment of this Court that claimant be awarded the sum of $1,428.02.